

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00175-CV

**IN RE TRANSACTION CLEARING, LLC**
and Betty A. **AGUILAR**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  March 20, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

On March 13, 2013, Relators Transaction Clearing, LLC and Betty A. Aguilar filed a petition for writ of mandamus and an emergency motion for temporary relief. In the petition for writ of mandamus, Relators complain the trial court abused its discretion in issuing an order on January 16, 2013 granting the petition to take the Rule 202 presuit depositions filed by Real Parties in Interest Bizteam, LLC, Business Asst, LLC, and United Prosolve, LLC. *See* TEX. R. CIV. P. 202.1, et seq.

One of the grounds asserted by Relators in the petition for writ of mandamus is that the claims on which discovery is sought are now the subject of pending arbitration proceedings. The

---

[1] This proceeding arises out of Cause No. 2012-CI-18963, styled *In re Bizteam, LLC, Business Asst, LLC, and United Prosolve, LLC*, pending in the 408th Judicial District Court, Bexar County, Texas, the Honorable Larry Noll presiding. However, the order complained of was signed by the Honorable Michael Mery, presiding judge of the 37th Judicial District Court, Bexar County, Texas.

record indicates the hearing on the presuit depositions was conducted on January 11, 2013, at which time the trial court made the oral ruling granting the depositions. A written order was signed by the trial court on January 16, 2013. In their petition, Relators indicate that on January 14, 2013 Relators filed demands for arbitration and the American Arbitration Association has already accepted jurisdiction over the controversies and ordered the parties to proceed with the selection of arbitrators. Therefore, Relators contend the pending arbitration precludes the presuit deposition from being held.

However, the record fails to reflect that Relators ever presented this argument to the trial court prior to seeking mandamus relief from this court. *See Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding) (holding that as a general rule mandamus is not available to compel an action which has not first been demanded and refused). At the time the trial court entered its order, there is nothing in the record to indicate Relators had made the trial court aware the claims had been submitted to arbitration. Therefore, we conclude it was improper for Relators to seek relief from this court without first giving the trial court the opportunity to reconsider its ruling on the presuit deposition in light of the now pending arbitration. Accordingly, we DENY the petition for writ of mandamus and the emergency motion for temporary relief. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM